1  **WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Eaton Veterinary Laboratories, Inc., an Arizona corporation,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>Wells Fargo Merchant Services, LLC, a Delaware limited liability company; First Data Merchant Services Corporation; a Florida corporation; Wells Fargo Bank, NA, a national banking association,<br><br>　　　　　　Defendant. | No. CV 07-441-PHX-JAT<br><br>**ORDER** |

Pending before the Court is Defendants' Motion to Strike Plaintiff's Jury Demand (Doc. # 24). Having considered the parties' arguments, the Court will grant Defendants' motion.

**I. BACKGROUND**

On December 4, 2006, Plaintiff filed a complaint against Defendants in Maricopa County Superior Court. On February 27, 2007, Defendants removed this matter to federal court. On March 6, 2007, Defendants filed their Answer to the complaint. On March 12, 2007, the Court issued an Order to Show Cause why this case should not be remanded for failure to properly allege a basis for federal subject matter jurisdiction. The Court set a hearing for March 19, 2007. On March 15, 2007, prior to the hearing, the Defendants filed

1 an Amended Notice of Removal clarifying the citizenship of the Defendants. On March 19, 2 2007, the Court held the Order to Show Cause hearing and determined that the case was 3 properly removed. On March 30, 2007, Plaintiff filed their Demand for Jury Trial.

4 **II. DISCUSSION**

5 In seeking to strike Plaintiff's jury demand, Defendants argue that Rule 38(b) of the 6 Federal Rules of Civil Procedure, which provides that a jury demand must be made within 7 ten days after service of the last pleading directed to an issue triable of right by a jury, applies 8 because their Answer was filed after removal. Accordingly, Defendants assert that March 9 23, 2007, was the deadline for Plaintiff to file its jury demand and Plaintiff's March 30, 2007, 10 jury demand filing was untimely.

11 In contrast, Plaintiff contends that removal took place when the Amended Notice of 12 Removal was filed on March 15, 2007, not when the First Notice of Removal was filed on 13 February 27, 2007, because the first notice of removal was defective and the amended notice 14 supersedes the original. Thus, Plaintiff asserts that Rule 81(c) of the Federal Rules of Civil 15 Procedure governs as Defendants' answer was filed before the effective removal date and 16 that its March 30, 2007, jury demand was timely.

17 Rule 81(c) provides, "if at the time of removal all necessary pleadings have been 18 served, a party entitled to trial by jury under Rule 38 shall be accorded it, if the party's 19 demand therefor is served within ten days after the petition for removal is filed." For Rule 20 81(c) to apply, all necessary pleadings must be served in state court prior to removal and the 21 jury demand must be served within ten days after notice of removal. However, when a case 22 is removed before the filing of all necessary pleadings in state court, Rule 38(b) applies to 23 jury demands, not Rule 81(c). See Lutz v. Glendale Union High School, 403 F.3d 1061, 24 1063 (9th Cir. 2004).

25 Rule 38(b) states that a party may demand a jury trial by serving a demand at any time 26 after the commencement of the action, but not later than ten days after the last pleading 27 directed to an issue triable of right by a jury. Failure to serve and file a demand as required

28

1 by Rule 38(b) constitutes a waiver of trial by jury. Fed. R. Civ. P. 38(d). Any issues not
2 demanded for trial by jury shall be tried by the court. Fed. R. Civ. P. 39(b).

3       A district court has discretion to order a jury trial on a motion by a party who has not
4 filed a timely demand for one. See Id. This discretion is narrow and does not permit a court
5 to grant relief when the failure to make a jury demand is a result of an oversight or
6 inadvertence. Lewis v. Time, Inc., 710 F.2d 549, 556-57 (9th Cir. 1983). See Rutledge v.
7 Electric Hose & Rubber Co., 511 F.2d 668, 675 (9th Cir. 1975) (although relief under the
8 rule is in the discretion of the district court, relief should rarely be granted in default of a
9 proper request for it). Counsel's good faith mistake of the law is no different than
10 inadvertence or oversight and will not broaden the district court's narrow discretion to grant
11 the demand. Pacific Fisheries v. HIH Cas & General Ins., Ltd., 239 F.3d 1000, 1002-03 (9th
12 Cir. 2000).

13       In the instant case, Defendants' amended notice of removal did not alter the February
14 27, 2007, removal date and did not otherwise impact the parties' time to file a jury demand.
15 An amended notice of removal, similar to an amended answer, does not revive a right
16 previously waived on the issues already framed in the original pleadings. Charles Alan
17 Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2320 at 154
18 (1995) (discussing time for demand of jury trial). A jury trial right waived by a failure to
19 make a demand is not revived by an amended pleading if the amended pleading does not
20 raise a new issue. Id. New issues directed to an issue triable of right by a jury must be added
21 to the amended pleading to revive the ten day demand period. See Las Vegas Sun, Inc. v.
22 Summa Corp., 610 F.2d 614, 620 (9th Cir. 1980).

23       The Defendants' Amended Notice of Removal was nothing more than a supplemental
24 notice of removal because it did not raise any new allegations. Instead, it simply clarified
25 Defendants' original claim of diversity jurisdiction. As such, the amended notice is not the
26 operative pleading because the case had already been removed to federal court. To hold that
27 the Amended Notice of Removal, which only served to clarify Defendants' claim of diversity
28 jurisdiction, superseded the previously filed Notice of Removal would be honoring form over

- 3 -

1  substance in a draconian fashion. Therefore, a jury demand was due within ten days after
2  Defendants filed their Answer on March 6, 2007, and Plaintiff's jury demand filed on March
3  30, 2007, was well beyond that ten day period. The Court otherwise finds no reason to
4  exercise its "narrow" discretion to order a jury trial.

5  For the foregoing reasons,

6  **IT IS THEREFORE ORDERED** that Defendants' Motion to Strike Plaintiff's Jury
7  Demand (Doc. # 24) is **GRANTED.**

8  DATED this 26th day of July, 2007.

James A. Teilborg
United States District Judge