**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Eaton Veterinary Laboratories, Inc., an Arizona corporation,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Wells Fargo Merchant Services, LLC, a Delaware limited liability company; First Data Merchant Services Corporation, a Florida corporation; Wells Fargo Bank, NA, a national banking association,<br><br>　　　　Defendants. | No. CV 07-441-PHX-JAT<br><br>**ORDER** |

Pending before the Court is Plaintiff's Motion for Leave to Amend Complaint and Motion to Remand (Doc. # 33). Plaintiff moves the Court to grant it leave to amend its Complaint to assert claims for conversion and fraud against its former employee, Emily Hoover. Also, because the Court's jurisdiction is based on diversity under 28 U.S.C. § 1332 and Ms. Hoover is an Arizona citizen, Plaintiff moves to remand this action to the Superior Court of Maricopa County if leave to amend is granted.

**I.　Discussion**

"If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). As the Ninth Circuit has found, "[t]he

language of § 1447(e) is couched in permissive terms and it clearly gives the district court the discretion to deny joinder." *Newcombe v. Adolf Coors Company*, 157 F.3d 686, 691 (9th Cir. 1998). In exercising its discretion, the Court may consider:

> (1) whether the would-be-defendants are necessary for just adjudication of the controversy, (2) whether the plaintiff still could bring an action in state court against the putative defendants, (3) whether there has been any unexplained delay in joinder, (4) whether it appears the plaintiff is seeking to destroy diversity, (5) the apparent merit of the claims against the new parties, and (6) whether plaintiff would suffer prejudice without the joinder of the defendants.

*Bonner v. Fuji Photo Film*, 461 F.Supp.2d 1112, 1119-20 (N.D.Cal. 2006) (citations omitted); *see also Hensgens v. Deere & Company*, 833 F.2d 1179,1182 (5th Cir. 1987) (stating that "the court should consider the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether plaintiff has been dilatory in asking for amendment, whether plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities.").

Utilizing some of the foregoing factors, Defendants oppose the motion. First, Defendants argue that leave to amend is sought only to destroy diversity and that it is an improper attempt to manipulate the forum and gain a procedural advantage. The Court disagrees. The fact that the motion for leave to amend was filed after the Court struck Plaintiff's jury demand, which jury demand might be revived in state court, does not indicate that the motion was filed only to destroy diversity and gain a procedural advantage. As discussed below, the Court finds that Plaintiff has adequately explained the timing of the proposed amendment. Further, the Court notes that Defendants mistakenly argue that Plaintiff unsuccessfully sought remand in the past. It was the Court, on its own initiative, that directed Defendants to show cause why the case should not be remanded for failing to properly allege the citizenship of Wells Fargo Member Service, LLC. *See* Doc. # 11.

Second, Defendants argue that Ms. Hoover is unnecessary to the adjudication of this matter. Again, the Court disagrees. As the Ninth Circuit has stated:

> Necessary parties have been described generally, however, as those "[p]ersons having an interest in the controversy, and who

> ought to be made parties, in order that the court may act on that rule which requires it to decide on, and finally determine the entire controversy, and do complete justice, by adjusting all the rights involved in it."

*CP Nat'l Corp. v. Bonneville Power Admin.*, 928 F.2d 905, 912 (9th Cir. 1991) (quoting *Shields v. Barrow*, 58 U.S. 130, 139 (1854)). Should Plaintiff's proposed amendment be denied, presumably Plaintiff would file another lawsuit in state court the basis of which would involve the same subject matter as this case. This risk of multiple litigation involving the same subject matter is one of the risks joinder is designed to avoid. *Id.*; *see also Palestini v. General Dynamics Corp.*, 193 F.R.D. 654, 658 (S.D. Cal. 2000).

Third, Defendants argue that Plaintiff could still bring a separate action against Ms. Hoover in state court. While this might be true, the Court finds that such a result would conflict with the foregoing policy against multiple litigation and declines to adopt it as a sole basis for denying Plaintiff's motion.

Finally, Defendants argue that the proposed amendment is untimely because Plaintiff knew of the potential claims against Ms. Hoover prior to filing the present lawsuit. While Plaintiff had such prior knowledge, Plaintiff has fully and satisfactorily explained the reasons behind its failure to name Ms. Hoover as a defendant in the original Complaint. Specifically, Plaintiff states it was awaiting the conclusion of the criminal prosecution against Ms. Hoover to avoid potential invocation of Fifth Amendment rights when eliciting testimony from Ms. Hoover in this action. However, once it became apparent that the criminal prosecution was stalled, Plaintiff determined that pursuing civil claims against Ms. Hoover was necessary at this time and filed the instant motion seeking to amend its Complaint. The Court also notes that Plaintiff filed the motion to amend prior to the August 15, 2007, deadline set forth in the Rule 16 Scheduling Order.

The Court finds that the foregoing factors weigh in favor of granting Plaintiff's motion to amend its Complaint to assert claims for conversion and fraud against its former employee, Emily Hoover. As for Defendants' argument that remand is not required if leave to amend is granted, the Court finds the case cited in support thereof, *Spencer v. U.S. District Court*

- 3 -

*for Northern District of California*, 393 F.3d 867 (9th Cir. 2004), to be inapposite. Instead, as the Advisory Committee noted, 28 U.S.C. § 1447(e), which applies when a plaintiff seeks to join an additional defendant whose joinder would destroy subject matter jurisdiction, "gives the court only two options: (1) deny the motion, or (2) grant it and remand the case." 28 U.S.C. § 1447 advisory committee's note. The Advisory Committee continued: "A middle ground that Congress had been considering, which would have allowed the joinder and at the same time allowed the court in its discretion to keep the case and decide it on its merits, was rejected." *Id.* Accordingly, because the Court has granted Plaintiff's amendment, which destroys complete diversity of citizenship, the Court must remand this action to the state court.

## II.     Conclusion

For the foregoing reasons,

**IT IS ORDERED** that Plaintiff's Motion for Leave to Amend Complaint and Motion to Remand (Doc. # 33) is GRANTED;

**IT IS FURTHER ORDERED** that the Clerk of Court shall file into the record the First Amended Complaint lodged as Exhibit 1 to Doc. # 42;

**IT IS FURTHER ORDERED** that the First Amended Complaint lodged at Doc. # 34 is stricken;

**IT IS FURTHER ORDERED** that this action is remanded to the Maricopa County Superior Court for the State of Arizona.

DATED this 4th day of October, 2007.

James A. Teilborg
United States District Judge